### BROWN v. DITMARS.

(Supreme Court, Appellate Term. June 29, 1911.)

APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Where, in an action for the purchase price of the business and assets of a riding academy, plaintiff admitted he was to deliver the business to defendant, and that the lease of the stable from the owner of the build-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing "was to be turned over as part of the sale," and failed to show delivery of any bill of sale, or that he had procured an assignment from the owner of the lease, but testified that he had put defendant "in possession," it was prejudicial error to prevent defendant from producing evidence that the owner would not consent to a transfer.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1056.*]

Appeal from City Court of New York, Trial Term.

Action by James R. Brown against Charles F. Ditmars. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Nolan Bros. (John M. Nolan, Joseph P. Nolan, and Laurence A. Sullivan, of counsel), for appellant.

Girard S. Wittson (Louis Lowenstein, of counsel), for respondent.

BIJUR, J. Plaintiff sued for the balance of purchase price of the business and assets of a riding academy. The important issue, whether plaintiff acted as principal, or merely as agent of defendant, in the transaction, seems to have been decided in plaintiff's favor.

The other crucial question was whether plaintiff performed his agreement, which he himself admits was to deliver the business to defendant, and that the lease of the stable from the owner of the building to the previous owner of the riding academy "was to be turned over as part of the sale." There was no proof by plaintiff that he had delivered a bill of sale of the assets to defendant, nor that he had procured from the previous owner of the academy an assignment of his interest in the lease, nor the consent of the landlord to such an assignment. Plaintiff testified repeatedly without objection that he had put defendant "in possession." When defendant attempted to prove that the owner of the building would not consent to a transfer of the lease to defendant, and that plaintiff had so told defendant, objection to the testimony as immaterial and irrelevant was made by plaintiff's counsel, and sustained over defendant's exception.

Although defendant's counsel failed to object to much testimony that was palpably incompetent, and failed to move to dismiss, either at the close of plaintiff's case or the whole case, and failed to except to part of the charge of the learned trial judge in which infirmities in plaintiff's case were ignored, the exceptions before noted seem to me to require a reversal. It was a vital part of plaintiff's case to prove performance of his contract in the terms in which he himself stated it to have been made. Regardless of the probative value of plaintiff's testimony concerning performance, defendant was entitled to disprove it, and the exclusion of the testimony offered to that end was prejudicial error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GUY, J., concurs. SEABURY, J., taking no part.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes